**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**VICTOR SANTIAGO**
        **Petitioner,**

    **v.**                                     **Case No. 09-C-0971**
                                                **(Criminal Case No. 04-CR-201)**

**UNITED STATES OF AMERICA,**
        **Respondent.**

---

## DECISION AND ORDER

The government obtained an indictment charging petitioner Victor Santiago in three counts with conspiracy to distribute 5 kilograms or more of cocaine, 21 U.S.C. §§ 841(b)(1)(A) & 846 (count one); distribution of an unspecified amount of cocaine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(C) (count ten); and distribution of 500 grams or more of cocaine, 21 U.S.C. §§ 841(a)(1) & (b)(1)(B) (count eleven). Pursuant to an agreement with the government, petitioner pleaded guilty to count ten, which carried a penalty range of 0-20 years in prison. Based on the government's concessions in the agreement, petitioner waived his right to appeal or challenge his conviction or sentence in any post-conviction proceeding, subject to three exceptions: (1) any punishment in excess of the statutory maximum, (2) the sentencing court's reliance on any constitutionally impermissible factor, and (3) ineffective assistance of counsel. (Plea Agreement [R. 121] at 9 ¶ 29.)[1]

On November 29, 2006, after calculating an advisory guideline range of 108-135 months, I sentenced petitioner to a below-guideline sentence of 96 months in prison. (R. 169.)

---

[1] All "R." cites herein are from the underlying criminal case, No. 04-CR-201.

Judgment was entered on the docket on December 1, 2006. (R. 170.) Petitioner took no appeal, but on October 9, 2009 he filed a pro se motion to vacate his sentence under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. On screening pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, I noted that the motion appeared to be untimely under 28 U.S.C. § 2255(f) and therefore ordered petitioner to show cause why it should not be dismissed. Petitioner has responded to my order, but on review of his submission I conclude that the motion must be dismissed as untimely. In the alternative, I find that the motion lacks any merit.

## I. TIMELINESS

Section 2255(f) provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In this case, because petitioner filed no direct appeal, his conviction became final ten days after entry of the judgment on December 1, 2006. See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008) (citing Moshier v. United States, 402 F.3d 116, 118 (2d Cir.

2

2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999)). He filed the instant § 2255 motion nearly three years later.

In his response to the Rule 4 Order, petitioner concedes that the motion is untimely under § 2255(f)(1) but invokes § 2255(f)(4). He claims that after sentencing his lawyer told him that he would file a notice of appeal. He states that two years later he wrote to his lawyer to find out about his appeal and then discovered that no appeal had been taken. He further claims that he is not fluent in English and has no knowledge of the justice system. He contends that he learned only recently, within the six months before he filed his motion, that 28 U.S.C. § 2255 provides a vehicle for challenging his lawyer's assistance. He asks me to vacate the judgment and allow him to now take a direct appeal. (Resp. to Order to Show Cause at 1-2.)

The time period under § 2255(f)(4) commences when the factual predicate for the claim could have been discovered through due diligence, not when it was actually discovered by the prisoner. See Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000). Therefore, petitioner's bald claim that he did not learn that no appeal was filed until two years later does not automatically extend the statute of limitations. Rather, the proper approach in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed. Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008). In this case, taking him at his word, petitioner waited two years to determine the status of his appeal, an unreasonable delay. See id. at 818-19 (finding that the petitioner did not exercise due diligence in learning that no appeal had been filed when he waited over a year to contact his lawyer about the appeal); see also Plowden v. Romine, 78 F. Supp. 2d 115, 119 (E.D.N.Y.

3

1999) (finding that it was not reasonable for the defendant to allow more than 17 months to elapse before inquiring as to the status of his direct appeal).

The fact that an appeal had not been filed "was a matter of public record, which reasonable diligence could have unearthed." Owens, 235 F.3d at 360. Yet it appears that petitioner made no effort to check the docket or contact the court about his appeal. See United States v. Arcoren, 633 F. Supp. 2d 752, 760 (D.S.D. 2009) (finding that the petitioner failed to exercise due diligence in checking the court docket for 18 months after his conviction became final). Even giving petitioner considerable benefit of the doubt based on the language barrier and his professed ignorance of the law, I cannot find that he exercised due diligence. He does not allege any difficulty reaching his lawyer; so far as his papers show, he made no effort to contact his lawyer for two years; and when he finally did so he immediately learned of the status of his case. See Anjulo-Lopez, 541 F.3d 814 at 816, 819 (finding motion untimely, despite the petitioner's claim of language problems and inadequate access to the law library, where, when he finally contacted his lawyer, he learned that no appeal had been taken). Therefore, petitioner cannot avail himself of § 2255(f)(4).

Petitioner also argues that dismissal of his § 2255 motion as untimely, where he had no direct appeal, violates the Suspension Clause of the Constitution. He bases this argument on Felker v. Turpin, 518 U.S. 651, 663-64 (1996), where the Supreme Court held that generally limiting a prisoner to one round of collateral review did not work a suspension of the writ, and In re Davenport, 147 F.3d 605, 610 (7th Cir.1998), where the Seventh Circuit held that the Constitution did not require a third bite at the apple after direct appeal and one round of collateral review. (Resp. to Order to Show Cause at 3.)

However, petitioner cites no case holding that dismissal of a first habeas petition as

4

Case 2:09-cv-00971-LA    Filed 03/12/10    Page 4 of 10    Document 4

untimely suspends the writ, even when there was no direct appeal, and I have found none. See, e.g., United States v. Lesch, No. 3:02-CR-401, 2009 WL 4110755, at *2 (N.D.N.Y. Nov 20, 2009) (holding that application of § 2255(f) did not violate the Suspension Clause where the petitioner failed to file a timely appeal or a § 2255 motion within the applicable time); Parker v. United States, No. 3:03CR55, 2009 WL 559707, at *2 (N.D. Miss. Mar. 4, 2009) (finding that application of the one-year statute of limitations did not violate the Suspension Clause, in a case where the petitioner had no direct appeal); see also Delaney v. Matesanz, 264 F.3d 7, 12 (1st Cir. 2001) ("We therefore join several of our sister circuits in holding that the AEDPA's one-year limitation period does not, as a general matter, offend the Suspension Clause."); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (finding no constitutional impediment to enforcing the habeas statute of limitations). Therefore, I reject this argument.

Petitioner makes no effort to avail himself of any other sub-section of § 2255(f). Nor can his professed ignorance of the law extend the time for filing. See United States v. Alvarado-Carrillo, 43 Fed. Appx. 190, 192 (10th Cir. 2002). Therefore, the motion must be dismissed as untimely.

## II. MERITS

I also find that the motion lacks merit. Petitioner alleges that his lawyers provided ineffective assistance of counsel at the plea, sentencing and direct appeal stages. In order to establish a claim of ineffective assistance, petitioner must show that his lawyers performed deficiently and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688 (1984). To meet this burden, petitioner must establish specific acts or omissions of his counsel that constitute ineffective assistance, and the court must then determine whether those acts or omissions fall outside the wide range of professionally competent assistance.

5

E.g., Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003).

Petitioner makes vague allegations of outrageous counsel and government conduct (Mem. in Support of Mot. at 3-5), but he provides few specifics. See Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001) (stating that the court may dismiss a § 2255 motion without an evidentiary hearing when the petitioner's allegations are vague, conclusory, or palpably incredible rather than detailed and specific). Petitioner states that the lawyers engaged in this malicious conduct with the express purpose of depriving him of his "Due Process rights to a Downward departure." (Mem. in Support of Mot. at 3.) But he identifies no basis for such a right, in this case or as a general matter. Petitioner also alleges that he received no benefit from the plea agreement (id. at 4), but that is simply incorrect: the government permitted petitioner to plead to an offense with no mandatory minimum, and I sentenced him to a below guideline-term, allowing him to receive a sentence of 8 years rather than (at least) 10. Petitioner states that counsel allowed him "to remain ignorant of the true nature of the untaken plea bargain agreement benefits." (Id. at 5.) However, he fails to explain what this means, and the plea agreement petitioner entered into contained obvious benefits.[2]

Petitioner's remaining allegations regarding the plea are plainly contrary to the record. For example, he appears to argue that Attorney Martin Kohler provided ineffective assistance in connection with his plea (Mem. in Support of Mot. at 6-7), but Kohler had been off the case for months by the time petitioner pleaded guilty (R. 72); a different lawyer negotiated the plea agreement and appeared on petitioner's behalf at the plea hearing (R. 121, 122). Nor does

---

[2]Petitioner does not directly attack his plea or state that he wants to withdraw it and go to trial. Based on later statements in his memorandum, it appears that he mainly wants me to lower his sentence. (Id. at 10.) Section 2255 does not serve that function. See Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000).

6

petitioner explain what Kohler did that fell below prevailing professional norms. Petitioner also claims that counsel provided ineffective assistance in failing to object to the acceptance of his plea without an adequate factual basis. (Mem. in Support of Mot. at 8.) However, he fails to explain how the factual basis contained in the plea agreement was insufficient. (R. 121 at 2-3 ¶ 5.) He also claims that the plea hearing was conduct by magistrate judge, who recommended that the district judge accept his plea. (Mem. in Support of Mot. at 8.) That is wrong; I took the plea in this case. (R. 122.)

Finally, petitioner claims that at sentencing he told his lawyer to file a notice of appeal, but counsel neglected to do it. I will assume, for purposes of deciding this motion, that petitioner requested counsel file the notice. Even so, I cannot conclude that counsel performed ineffectively. Generally, a lawyer is required to file a notice of appeal on his client's request. See Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). However, the Seventh Circuit has held that where, as here, the plea agreement contains an appeal waiver, a lawyer who respects the waiver does not render objectively deficient service; nor, under such circumstances, can the defendant ordinarily show prejudice because any appeal would be dismissed pursuant to the waiver. Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

Petitioner does not even allege, much less establish, that his plea was involuntary; therefore, the waiver may be enforced. See id. Nor does petitioner establish that any of the three exceptions to the waiver would have permitted an appeal here. He complains about the length of his sentence, but 8 years is well below the statutory maximum of 20 years. He makes the vague allegation that the sentence "was in violation of the original agreement" (Mem. in Support of Mot. at 9), but he fails to show how. Nor does he explain how the government may

7

have breached its agreement with him.³ In any event, such claims would appear to be covered by the waiver. He also makes no showing that I relied on a constitutionally impermissible factor. The fact that the offense of conviction involved four ounces of cocaine did not preclude me from attributing additional amounts to petitioner under the advisory guidelines' relevant conduct rule. See, e.g., McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005).⁴ The waiver also permitted appeal or collateral challenge based on ineffective assistance of counsel, but because such claims may be brought for the first time under § 2255, see Massaro v. United States, 538 U.S. 500, 504 (2003), there can be no prejudice based on the failure of counsel to raise such a claim on direct appeal. Indeed, counsel would likely have done petitioner a disservice by appealing on that basis. See, e.g., United States v. Hargrove, 579 F.3d 752, 754 (7th Cir. 2009) ("[C]laims of ineffective assistance of counsel are disfavored on direct appeal because the factual foundation for such claims is often undeveloped."); United States v. Taylor, 569 F.3d 742, 748 (7th Cir. 2009) (noting that a defendant who presents an ineffective assistance claim for the first time on direct appeal has little to gain and everything to lose).

A lawyer has a duty "to his client to avoid taking steps that will cost the client the benefit of the plea bargain." Nunez, 546 F.3d at 455. Like the defendant in Nunez, petitioner does not contend that he told his lawyer to appeal based on a desire to withdraw the plea, which, if allowed, could abrogate the waiver. Id. Rather, he seems to want a lower sentence, which, under these circumstances, an appeal could not possibly afford him. As the Seventh Circuit

---

³The plea agreement contained no agreement as to the amount of cocaine to be attributed to petitioner. (R. 121 at 5 ¶ 15.) Thus, the government was free to argue that it was greater than the four ounces involved in the specific count of conviction.

⁴To the extent that petitioner may be arguing that counsel also performed deficiently at sentencing, he fails to demonstrate how or to show that he suffered any prejudice as a result.

8

explained:

> A defendant has more reason to protest if a lawyer files an appeal that jeopardizes the benefit of the bargain than to protest if the lawyer does nothing – for "nothing" is at least harmless. . . . The sort of appeal that the Supreme Court considered in Roe is one where the defendant can gain but not lose. The sort of appeal that [petitioner] wanted to take was one by which he could lose but not gain. Protecting a client from harm is a vital part of a lawyer's job.

Id.

For all of these reasons, I deny the motion on the merits in the alternative.

## III. CONCLUSION

**THEREFORE, IT IS ORDERED** that the motion is **DISMISSED** as untimely. In the alternative, it is **DENIED** on the merits. **IT IS FURTHER ORDERED** that this action is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where the district court has rejected the petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Id. When the district court denies a motion on procedural grounds, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a

9

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Id.

For the reasons stated above, petitioner cannot show that my procedural ruling, dismissing the motion as untimely, is debatable or wrong; nor can he show that the underlying claims deserve encouragement to proceed further. Therefore, I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2010.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge